

101 Park Avenue, 17th Floor
New York, NY 10178
T: 212.878.7900  F: 212.692.0940
www.foxrothschild.com

JAMES M. LEMONEDES
Direct No: 212.878.7918
Email: JLemonedes@FoxRothschild.com

February 21, 2018

**VIA ECF**

Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York

Re: <u>Greater New York Taxi Assoc., *et al.* v. The City of New York, *et al.*   13 Civ. 3089 (VSB) (RWL)</u>

Your Honor:

This office represents the Plaintiffs in the above-referenced action. Pursuant to Local Rule 37.2 and Rule II.D of Your Honor's Individual Practices, we write to request a conference to resolve a discovery dispute concerning Defendants' redaction of documents purportedly based on "deliberative process."

By way of brief background, this case involves Defendants' retaliation against Plaintiffs for Plaintiffs' opposition the New York City Taxi & Limousine Commission's ("TLC") so-called "Taxi of Tomorrow" program. The Complaint alleges that, because of this opposition, Defendants engaged in a prolonged campaign of issuing directives and summonses to Plaintiffs' taxi medallion owners and their agents, as a means to punish Plaintiffs for their opposition to the Taxi of Tomorrow program. Further, the Complaint alleges that Defendants treated Plaintiffs differently from similarly situated medallion owners and other taxi associations in that the Defendants selectively prosecuted Plaintiffs' medallion owners in retaliation for the Plaintiffs' public challenge to the Taxi of Tomorrow program. Critically, the Complaint alleges that Defendants agreed to withdraw directives issued to another trade association, the Metropolitan Taxicab Board of Trade ("MTBOT"), in exchange for, among other things, MTBOT's voluntarily dismissal of its pending claims against the City. *See* Complaint ¶¶ 51-56. The Complaint alleges that those who did not dismiss their claims against Defendants, like Plaintiffs, were actively prosecuted. *See* Complaint ¶¶ 57-80. Plaintiffs' first cause of action is for First Amendment retaliation. Plaintiffs' second cause of action is for selective enforcement.

A Pennsylvania Limited Liability Partnership

California    Colorado    Connecticut    Delaware    District of Columbia    Florida    Illinois
Minnesota    Nevada    New Jersey    New York    Pennsylvania    Texas    Washington



February 21, 2018; Page 2

Unsurprisingly, the critical questions in this action are why and how Defendants decided to prosecute Plaintiffs and why and how Defendants decided to prosecute, *or not prosecute*, other entities, such as MTBOT. Yet from the beginning of this case, Defendants have relied on a variety of ever-shifting bases to withhold information that would provide answers to these questions. One of these bases is the "deliberative process" privilege, which the Defendants have consistently used to shield communications within the TLC and between the TLC and the City of New York. Plaintiffs have contested Defendants' use of deliberative process redactions on several occasions. On July 1, 2015, in a joint status letter, Plaintiffs alerted the Court to Defendants' frequent use of redactions based on claimed deliberative process. (Doc. 71). On August 11, 2015, Plaintiffs asked the Court to order Defendants to remove their deliberative process redactions when the process itself was at issue. (Doc. 80). On August 19, 2015, Judge Broderick issued an Order directing that "Defendants should review their deliberative process redactions for redactions that 'implicate the central issues to the case' and, if necessary, make appropriate disclosures." (Doc. 83).

After this Order, Defendants removed some of their deliberative process redactions. However, many of these redactions remained, and Defendants continued to use redactions for deliberative process on later-produced documents. Consequently, on April 28, 2017, Plaintiffs filed a motion to, among other things, compel Defendants to remove certain deliberative process redactions. (Docs. 110, 112, 113). In its motion to compel, Plaintiffs argued that Defendants had redacted documents concerning central issues in the case, which is not permissible. *See, e.g., In re Delphi Corp.* 276 F.R.D. 81, 85 (S.D.N.Y. 2011) ("Where the deliberative or decisionmaking process is the "central issue" in the case, the need for the deliberative documents will outweigh the possibility that disclosure will inhibit future candid debate among agency decision-makers."); *Burbar v. Incorporated Village of Garden City*, 303 F.R.D. 9, 14 (E.D.N.Y. 2014) ("Because the intent and decision making process of the [defendants] are unquestionably at the heart of these claims, the deliberative process privilege is inapplicable . . .").

On September 11, 2017, Magistrate Judge Francis issued a Memorandum and Order ("Order) in response to Plaintiffs' motion to compel, as well as Defendants' motion to compel. (Doc. 136). Judge Francis ruled on two categories of documents that Defendants had withheld or redacted based on deliberative process. The first category concerned Defendants' enforcement actions against Plaintiffs. Judge Francis held that these documents could not be withheld based on deliberative process because the question of "what motivated the defendants in taking adverse enforcement actions against the plaintiffs" implicates a central issue in the case. Order at *30. The second category concerned Plaintiffs' adoption of rules concerning the Taxi of Tomorrow Program. Judge Francis held that these documents may be withheld because Plaintiffs do not allege that "the adoption or revision of the Taxi of Tomorrow Rules themselves constituted unlawful retaliation" and thus no central issue was implicated by these documents. *Id.* at *31.

Judge Francis did not address, however, whether Defendants could properly assert deliberative process for information concerning the decision-making process with respect to enforcement



February 21, 2018; Page 3

actions against, or settlement with, other entities, such as MTBOT. Since this information is central to Plaintiffs' claim of selective enforcement, Defendants should not be permitted to use deliberative process to shield this information. To borrow Judge Francis' analysis, what motivated Defendants in <u>not</u> taking adverse action against other entities implicates a central issue in the question of selective enforcement. Nonetheless, Defendants continue withhold this information. For example, by letter dated October 24, 2017, Defendants clawed back documents from production, claiming that they were protected by deliberative process. Some of these documents, including NYC_E00252615 and NYC_E00042259, concern Defendants' decision-making with respect to enforcement against MTBOT. Defendants should not be permitted to withhold these documents. Moreover, at least one of these documents, NYC_E00252615, is not pre-decisional, and so the deliberative process cannot apply to this document at all.

Defendants have further withheld or redacted dozens of other documents concerning MTBOT on the basis of deliberative process. Attached as Exhibit "A" is an affidavit from William Heinzen, dated February 13, 2018 ("Heinzen Aff."), which details Defendants' assertion of the deliberative process. The Heinzen Aff. states that Defendants have redacted or withheld 320 documents on the basis of deliberative process (Heinzen Aff. ¶7). It also states that, of these documents, **over 100** concern Defendants' efforts to settle disputes with MTBOT. Heinzen Aff. ¶12. The Heinzen Aff. claims that these documents are protected by deliberative process because they implicate "numerous important policy matters." This is wrong for two reasons. First, as noted above, the deliberative process cannot protect information regarding decisions that are central to the case. Defendants' decisions concerning settlement with MTBOT, and others, when compared to the enforcement against Plaintiffs, are certainly central to Plaintiff's claim of selective enforcement.

Second, decisions about whether and how to resolve pending and potential litigation do not concern the formulation of agency policy, and so cannot be protected by deliberative process. *See* Order at *28 ("Deliberative communications are those relating to the process by which policies are formulated." (quoting *MacNamara v. City of New York*, No. 04 Civ. 9612, 2007 WL 755401, at *9 (S.D.N.Y. March 14, 2007))). Defendants are seeking to paint everything as "policy" in order to hide behind the shield of deliberative process.[1] If Defendants actually have a policy about how to settle litigation, they should provide it to Plaintiffs and the Court.

Defendants also cannot properly withhold documents on the basis of "industry-wide enforcement strategy." (Heinzen Aff. ¶18). This "strategy" is the main issue in this case. Moreover, the TLC's

---

[1] Specific examples of Defendants' misuse of the deliberative process with respect to settlement discussions are contained in entries 28 and 35 of Defendants' privilege log for fully withheld electronic documents (Exhibit "B"). These emails are withheld on the basis of deliberative process. The subject matter of the entries is listed as "Settlement Policy Options Regarding GNYTA Lawsuit" and "Settlement Policy Options Regarding Taxi of Tomorrow Lawsuits." These "policies," if they even exist, must deal with how Defendants deal with those challenging TLC policy – which is undoubtedly a central issue to this case.



February 21, 2018; Page 4

decisions on how to enforce its rules is not a "policy," as Defendants claim. If it is, Defendants should provide this to Defendants and the Court.

The parties have met and conferred on this issue, but have been unable to resolve the dispute. In response to Defendants' October 24, 2017 clawback letter, Plaintiffs informed Defendants that, although Plaintiffs had destroyed the documents pursuant to their obligations under the April 3, 2014 so-Ordered stipulation, Plaintiffs believed that Defendants were improperly asserting deliberative process. *See* Exhibit "C." The parties further discussed this issue on a call on February 6, 2018. Accordingly, Plaintiffs request an Order that Defendants produce unredacted versions of documents redacted or withheld on the basis of as "Deliberative Process" that relate to Defendants' decision-making process with respect to enforcement against, or settlement with, other similarly situated medallion owners and other taxi associations, such as MTBOT. Thank you for your kind attention.

Respectfully submitted

/s/ James M. Lemonedes


cc: Nicholas Ciappetta, Esq.,